# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04056-R-FFM | Date | 07-29-19 |
|---|---|---|---|
| Title | *Garraway v. Saatchi & Saatchi North America, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 12)**

## I. INTRODUCTION

On March 25, 2019, Plaintiff Andrew Robert Garraway ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles against Defendants Saatchi & Saatchi North America, Inc.; Publicis Consultants PR, Inc.; Publicis Media, Inc.; Publicis Communications, Inc.; Charles Chung; Michael Nnadi; and Does 1 through 50 (collectively, "Defendants") asserting claims for: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) wrongful termination in violation of FEHA; and (5) defamation/slander. On May 8, 2019, all Defendants filed their Answer to the Complaint in the Los Angeles County Superior Court.

Plaintiff's claims arise out of his request for paternity leave under FEHA in May 2016. Following his request, Plaintiff alleges that he was discriminated and retaliated against, placed on a performance improvement plan in May 2018, and ultimately terminated on June 15, 2018. The case was removed to federal court on May 9, 2019 on the basis of diversity jurisdiction. Plaintiff now moves to remand the case to the Los Angeles County Superior Court on the grounds that: (1) Plaintiff allegedly established a viable claim for defamation against Chung and Nnadi, and (2) Defendants allegedly have not established that the amount in controversy exceeded $75,000 at the time of removal.

For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand.

## II. FACTUAL BACKGROUND

Plaintiff alleges that he has established a viable claim for defamation against Defendants Chung and Nnadi. First, Plaintiff alleges that Chung and Nnadi subjected Plaintiff to discrimination because of his request for paternity leave. Specifically, Plaintiff alleges that Chung made numerous offensive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04056-R-FFM | Date | 07-29-19 |
|---|---|---|---|
| Title | ***Garraway v. Saatchi & Saatchi North America, Inc., et al.*** | | |

statements to Plaintiff, such as Plaintiff "was using his child 'as excuses to get out of work'" following Plaintiff's return from his trip to New York on or about January 6, 2017. However, Plaintiff did not allege that Nnadi made any specific offensive statements to Plaintiff, but only that Nnadi "pushed back" after Plaintiff made a request for paternity leave and that Plaintiff was placed on a work project that he did not want to work on.

Plaintiff also alleges that Defendants have not established that the amount in controversy exceeded $75,000 at the time of removal. Specifically, Plaintiff argues that Defendants only cited Plaintiff's annual salary at the time of his termination, which was $90,000, but failed to show evidence or establish that possible emotional distress damages, attorneys' fees, or punitive damages would exceed $75,000.

### III.     JUDICIAL STANDARD

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules of Civil Procedure do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1331. For purposes of diversity jurisdiction, the citizenship of a limited liability company is based on citizenship of all of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Diversity is determined by the state of the facts at the time that the action was filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04056-R-FFM | Date | 07-29-19 |
|---|---|---|---|
| Title | ***Garraway v. Saatchi & Saatchi North America, Inc., et al.*** | | |

## IV. DISCUSSION

### A. Plaintiff Has Not Established a Viable Claim for Defamation Against Chung or Nnadi.

Here, Plaintiff first alleges that he has established a viable claim against Chung and Nnadi. However, both Nnadi and Chung are sham defendants, and Plaintiff has not established a viable claim against either. Accordingly, their citizenships must be disregarded when determining diversity. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339-40 (9th Cir. 1987).

> *i. Plaintiff Cannot Establish a Viable Claim for Defamation Against Chung Because the Statute of Limitations Bars Chung's Alleged Statement.*

Under California law, the statute of limitations for a defamation claim is one year. Cal. Civ. Proc. Code § 340.5; *See Rhodes v. Placer County*, 2011 WL 1302264, at *19 (E.D. Cal. 2011) (one-year limitations period applies to defamation claim). Here, the Complaint alleges that Chung's "excuses to get out of work" comment was made "[f]ollowing" Plaintiff's return from his trip on or about January 6, 2017. However, the Complaint was filed on March 25, 2019, well over a year beyond the statute of limitations period.

Thus, Plaintiff fails to establish a viable defamation claim against Chung.

> *ii. Plaintiff Did Not Establish a Viable Claim for Defamation Against Nnadi In His Motion to Remand.*

The Complaint alleges that in May 2016, Nnadi "pushed back" after Plaintiff made a request for paternity leave and that Nnadi placed Plaintiff on a work project that Plaintiff did not want to work on. However, Plaintiff did not allege in his Motion to Remand that Nnadi made any specific offensive statements to Plaintiff. Moreover, Plaintiff did not allege or address any specific claims against Nnadi in his Reply to Defendants' Opposition to Motion to Remand. Even in the event that Plaintiff had alleged any specific offensive statements made by Nnadi, there would still be a statute of limitations issue as discussed above.

Thus, Plaintiff fails to establish a viable defamation claim against Nnadi.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04056-R-FFM | Date | 07-29-19 |
|---|---|---|---|
| Title | *Garraway v. Saatchi & Saatchi North America, Inc., et al.* | | |

### B. Defendants Have Established That the Amount in Controversy Exceeded $75,000 at the Time of Removal.

To properly remove an action based on diversity jurisdiction, the amount in controversy must exceed the sum of $75,000. 28 U.S.C. § 1332(a). "[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]…" *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the amount in controversy exceeds $75,000, a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See, e.g.*, *Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

Here, Plaintiff argues that Defendants have not established that the amount in controversy exceeded $75,000 at the time of removal. Specifically, Plaintiff argues that Defendants failed to show evidence or to establish that possible emotional distress damages, attorneys' fees, or punitive damages would exceed $75,000. However, Defendants presented a declaration that Plaintiff's annual salary at the time of his termination was $90,000. Thus, Plaintiff's lost income alone exceeds $75,000.

Additionally, Plaintiff's possible emotional distress damages cause the amount in controversy to further exceed $75,000. Defendants presented past jury verdicts in which large emotional distress damages were awarded. In *Loveless v. Kaiser Foundation Health Plan, Inc.*, Los Angeles County Superior Court, Case No. BC564550, JVR No. 1807260048 (2018), the plaintiff was awarded $197,592 in emotional distress damages when she alleged that she took a protected leave, that her performance was criticized in retaliation, and that she was terminated while on leave. In *Preciado v. Alfaqir Inc.*, San Bernardino Superior Court Case No. CIVRS-13-07108- JVR No. 1708170032 (2016), the plaintiff was awarded $150,060 in emotional distress damages when he took a protected leave and alleged that his supervisor harassed and retaliated against him for taking leave. Thus, Defendants' evidence of past jury verdicts shows that Plaintiff's possible damages further exceed $75,000.

Moreover, Plaintiff seeks attorneys' fees and punitive damages. Preceding courts have held that "a reasonable rate for employment cases is $300 per hour." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 (C.D. Cal. 2015). To date, Plaintiff's counsel has investigated the case's facts, drafted the Complaint, served 16 sets of written discovery and four deposition notices (prior to removal), engaged in two meet and confer sessions with defense counsel, and drafted a 12-page Motion to Remand. Therefore, it is reasonable to infer that Plaintiff's counsel has spent at least 30 hours on this case, which adds $9,000 to the amount in controversy.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04056-R-FFM | Date | 07-29-19 |
|---|---|---|---|
| Title | ***Garraway v. Saatchi & Saatchi North America, Inc., et al.*** | | |

Furthermore, preceding courts have held that punitive damages in FEHA retaliation cases often approach $75,000. *See Antuna v. County of Los Angeles*, JVR No. 1609300064, 2015 WL 12670065 (C.D. Cal. 2015) (jury verdict awarding plaintiffs each $45,000 in punitive damages where plaintiffs alleged that they engaged in protected FEHA activity and were retaliated against). Thus, Defendants' evidence of past attorneys' fees and punitive damages show that Plaintiff's damages would exceed $75,000.

As a result, Defendants established that the amount in controversy exceeded $75,000 at the time of removal.

**V.** **CONCLUSION**

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Remand. (DE 12).

**IT IS SO ORDERED.**

|  | 0 : 00 |
|---|---|
| Initials of Preparer | cch |